IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-y-00052-GPG
(Removal from County Court, City and County of Denver, Colorado,
   Case No. 15M06341)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

ERIC C. MCCALEB-BEY,

   Defendant.

ORDER FOR SUMMARY REMAND

Defendant, Eric C. McCaleb-Bey, has filed, *pro se*, a "Legal Notice of Removal" (ECF No. 1), in which he states that he is removing to this Court case number 15M06341 from the County Court, City and County of Denver, Colorado. The Court must construe the Notice of Removal liberally because Mr. McCaleb-Bey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal." Mr. McCaleb-Bey fails to provide a short and plain statement of the grounds for removal of this action. The allegations in the Notice of Removal indicate that he was charged with several traffic offenses, but are otherwise rambling and unintelligible.

Even construing the Notice of Removal liberally, the Court is unable to ascertain any legitimate basis for removal of this action under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Mr. McCaleb-Bey makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces. Although Defendant contends that his constitutional rights have been violated, the Court finds that the instant action also may not be removed pursuant to § 1443, which authorizes the removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Mr. McCaleb-Bey does not allege any facts to satisfy the first requirement of § 1443(1).

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal

>rights is left to the state courts except in the rare situations
>where it can be clearly predicted by reason of the operation
>of a pervasive and explicit state or federal law that those
>rights will inevitably be denied by the very act of bringing the
>defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. McCaleb-Bey does not allege specific facts to demonstrate an inability to enforce his constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Section 1443(2) is inapposite because the statute "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. McCaleb-Bey does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case No. 15M06341 is remanded summarily to the County Court, City and County of Denver, Colorado. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the County Court, City and County of Denver, Colorado. It is

FURTHER ORDERED that the "Affidavit of Financial Statement" (ECF No. 2),

which the clerk's office has construed as a motion for leave to proceed *in forma pauperis*, is DENIED as moot.

DATED August 7, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court